UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/21/2022

ANANT SINGH,

                   **Plaintiff,**

       -against-

CADILLAC OF GREENWICH, INC. and
GENERAL MOTORS, LLC,

               **Defendants.**

**20-cv-1322 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Anant Singh brings this suit against Defendants Cadillac of Greenwich, Inc ("Cadillac") and General Motors LLC ("GM"). Plaintiff alleges that Defendants breached an implied warranty of merchantability and an express warranty; violated the Magnuson-Moss Warranty Act ("MMWA"); violated the New York Motor Vehicle Warranty Enforcement Act, NYS Gen. Bus. Law § 198a *et. seq.* and violated New York's Consumer Protection Act, N.Y. Gen. Bus. Law § 349.

This case revolves around a vehicular incident involving a 2016 Cadillac CTS (the "Vehicle"). *See* Statement of Undisputed Material Facts ("UMF") ¶ 1, ECF No. 45. The Vehicle was originally purchased on December 17, 2015. At the time of the accident, the Vehicle included the "GM LLC Written Limited Warranty, which provided a coverage term under the "Basic Warranty" . . .of four years or 50,000 miles, whichever fame first, from the in-service date." UMF ¶ 4. Mr. Singh bought the Vehicle on June 14, 2019. At the time, the Vehicle had accrued 37,605 miles.

On December 25, 2019, Plaintiff's wife was driving the vehicle when smoke began spewing from the hood of the car. His wife pulled to the side of the road to investigate the

source of the smoke.  After pulling up the hood, Plaintiff noticed flames around the engine.  The

fire department responded to the incident and was able to extinguish the fire.

Mr. Singh contacted GM LLC regarding the fire.  He believed the source of the fire was a defect

in the engine.  Upon inspection, GM LLC's employee, William J. Genovese, concluded that the

fire was likely caused by foreign debris in the engine.  The inspection revealed charred food

scraps under the hood of the car.  Genovese informed Plaintiff of his findings in January 2020.

Although Plaintiff did not conduct an independent examination of the car, he remains steadfast in

his belief that the fire was caused by a manufacturing defect.

Plaintiff filed this suit in New York state court on January 29, 2020, and Defendants

removed this action to the Southern District on February 14, 2020.  Defendants moved for

summary judgment on February 1, 2022.

Summary judgment is proper where admissible evidence in the form of affidavits,

deposition transcripts, or other documentation demonstrates the absence of a genuine issue of

material fact and one party's entitlement to judgment as a matter of law.  *See Viola v. Philips

Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994).  The moving party has the burden "to

demonstrate that no genuine issue respecting any material fact exists."  *Gallo v. Prudential

Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing *Heyman v. Commerce

& Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)).  A genuine issue of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is no issue of material fact

where the facts are irrelevant to the disposition of the matter.  *See Chartis Seguros Mexico, S.A.

de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also

Anderson*, 477 U.S. at 248 (holding that a fact is material if it would "affect the outcome of the

suit under the governing law").  "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal citations and quotation marks omitted).

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.  *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing to *Anderson*, 477 U.S. at 255).  Courts may not assess credibility, nor may they decide between conflicting versions of events, because those matters are reserved for the jury.  *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005).  However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.* (quoting *Anderson*, 477 U.S. at 252) (emphasis in original).

The Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted).  "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants."  *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).  Moreover, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment."  *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (citation omitted).

3

Plaintiff's claims suffer from a few major handicaps.  First, Plaintiff's warranty-based claims are time-barred.  Second, Plaintiff brings various statutory claims for which he is unable to plead a sufficient claim for relief.  Third, Plaintiff's claims sounding in negligence and strict liability require Plaintiff to prove the existence of a design defect and a safer alternate design.

*First*, Plaintiff's breach of express warranty and breach of implied warranty claims are time-barred.  The Written Limited Warranty provided at the original sale expired on December 17, 2015.  *See* Cadillac Limited Warranty and Owner Assistance Information ("Written Limited Warranty") at 2, ECF No. 45-4 ("Coverage is for the first 4 years or 50,000 miles, whichever comes first.").  Plaintiff commenced this action January 2020; the warranty had already expired. The Written Limited Warranty also limits the duration of an implied warranty of fitness to run concurrently with the express warranty.

Plaintiff's claim of breach of implied warranty is equally time-barred.  Under New York law, "modif[ication] [of] any implied warranty of fitness . . . must be by a writing and conspicuous."  N.Y. U.C.C. § 2-316(2).  Here, The Warranty states: "Any implied warranty of merchantability or fitness for a particular purpose applicable to this vehicle is limited in duration to the duration of this written warranty.  Performance of repairs and needed adjustments is the exclusive remedy under this written warranty or any warranty.  GM shall not be liable for incidental or consequential damages . . . resulting from breach of this warranty or any implied warranty."  Written Limited Warranty at 10-11.  Plaintiff, then, cannot bring a claim of implied warranty of fitness against GM LLC.

*Second*, Plaintiff cannot maintain claims under either Sections 198a and 349 of the New York General Business Law or the MMWA.  Section 198a governs warranties accompanying the sale of new cars.  *See* N.Y. Gen. Bus. Law §198-a (establishing a "New Car Lemon Law Bill of

Rights".)  The vehicle in question is a used vehicle and falls outside the reach of Section 198-a.

Plaintiff's claims fail even under Section 198-b, New York's Used Car Lemon Law, which

applies only to vehicles that were purchased, leased or transferred after the earlier of (a) 18,000

miles of operation or (b) two years from the date of original delivery.  Plaintiff bought the

Vehicle on December 15, 2019—more than two years after the date of delivery.  As such,

Plaintiff could not bring a claim under Section 198-b.  Likewise, the MMWA does not provide a

separate cause of action and is intended only to award damages where claimants succeed on a

state cause of action.  Plaintiff also pleads a cause of action under Section 349 of the New York

General Business Law.  This section, commonly referred to as the  New York Consumer

Protection Act, is intended to deal with actions and defects that affect the public at large.

     *Third*, Plaintiff has repeatedly claimed that there was a defect in the engine, but

Defendants' expert found that the fire was caused by the foreign debris in the engine.  "In order

to prove liability grounded upon a design defect, New York law requires plaintiffs to proffer

expert testimony as to the feasibility and efficacy of alternative designs."  *Lara v. Delta Int'l*

*Mach. Corp.*, 174 F. Supp. 3d 719, 740 (E.D.N.Y. 2016); *see also Nemes v. Dick's Sporting*

*Goods, Inc.*, 521 F. Supp. 3d 328, 337 (S.D.N.Y. 2021) (collecting cases); *Sorto-Romero v. Delta*

*Int'l Mach. Corp.*, No. 05-cv-5172 SJF AKT, 2007 WL 2816191, at *10 (E.D.N.Y. Sept. 24,

2007) ("In order to establish that an alternative design would have permitted Plaintiff to avoid

injury, he must present an opinion from a person with specific technical and scientific knowledge

beyond the ken of an average person. Without such evidence, the jury cannot fairly decide the

issue.").  Plaintiff's complaint merely asserts that a defect exists.  He has not engaged an expert

to attest to the existence of design defect in the Vehicle let alone a possible safer alternative

design.  Plaintiff has not employed any experts of his own to investigate the possibility of a

defect nor has Plaintiff hired anyone to conduct an independent inspection of the Vehicle.  Mr.

Singh's beliefs, standing alone, are insufficient to support his claims.  *See Lee v. Coughlin*, 902

F. Supp. 424, 429 (S.D.N.Y. 1995) ("[A] pro se party's 'bald assertion,' completely unsupported

by evidence, is not sufficient to overcome a motion for summary judgment." (quoting *Carey v.*

*Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991))).

    In disputing the conclusion of Defendants' expert, Plaintiff requests additional discovery.

In the Second Circuit, a party requesting additional discovery prior to a pending summary

judgment motion must meet a four-part test:

> (1) the party must specify the nature of the uncompleted discovery;
> (2) the party must demonstrate how the facts sought are reasonably expected to create a
> genuine issue of fact;
> (3) the party must explain what efforts he has made to obtain those facts; and
> (4) the party must explain why those efforts were unsuccessful.

*Hutchinson v. Pangburn,* No. 95 Civ. 5449, 1998 U.S. Dist. LEXIS 4082, at *25-26 (S.D.N.Y.

Mar. 31, 1998) (citing *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994)).

    He contends that he spoke to Mr. Genovese after the inspection and was informed that

foreign debris was not the cause of the fire.  Mr. Singh now requests that decision on summary

judgment be delayed so he may depose Mr. Genovese.  The requested discovery would not cure

this defect in Plaintiff's case.  Mr. Genovese is neither an expert qualified to attest to a possible

design defect in the Vehicle nor can he offer a safer alternate design—the principle defects in

Mr. Singh's claims.  Mr. Singh acknowledges he knew of the supposed discrepancy between

Defendants' representations and Mr. Genovese's conclusion before commencing this action.

Yet, Plaintiff has not explained why he waited until after the filing of Defendant's motion for

summary judgment to request further discovery from Mr. Genovese.  There is no indication that

Plaintiff, previously represented by counsel and currently proceeding *pro se*, made any attempt

to contact Mr. Genovese regarding his findings or to employ an expert to investigate those

findings.  Mr. Singh cannot meet this four-part test.

 For these reasons, the Court denies Plaintiff's request for additional discovery is

**DENIED**, and Defendants' motion for summary judgment in **GRANTED**.


**SO ORDERED.**

Dated: September 21, 2022
   New York, New York

            **ANDREW L. CARTER, JR.**
            **United States District Judge**